**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHRISTOS D. DEDES,
<u>Plaintiff-Appellant,</u>

and

CHRISTOS D. DEDES, as Legal
Custodian for his Children Quincy
Sophia Dedes and Dionysios
Christos Dedes; ALL PARENTS
SIMILARLY SITUATED,
<u>Plaintiffs,</u>

v.

No. 96-1281

ROSWELL PAGE; JOHN O'BRION;
MURRAY J. JANUS; SYLVIA CLUTE;
DONALD LEMONS; ALFRED SHILLING;
DANIEL T. BALFOUR; MELVIN R.
HUGHES, Judge, Judge of the Circuit
Court in the City of Richmond;
RICHARD L. WILLIAMS, Judge, Judge
of the United States District Court
for the Eastern District of Virginia,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-94-186-R)

Submitted: November 27, 1996

Decided: December 27, 1996

Before WIDENER, HALL, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Christos D. Dedes, Appellant Pro Se. James Watson Morris, III, MORRIS & MORRIS, Richmond, Virginia; John Henry O'Brion, Jr., COWAN & OWEN, Richmond, Virginia; Murray Joseph Janus, BREMNER & JANUS, Richmond, Virginia; Sylvia Lanabeth Clute, Richmond, Virginia; William Mark Dunn, Assistant Attorney General, Richmond, Virginia; Alfred Louis Shilling, Richmond, Virginia; Daniel T. Balfour, BEALE, BALFOUR, DAVIDSON, ETHERINGTON & PARKER, Richmond, Virginia; Robert William Jaspen, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christos D. Dedes appeals the district court's order awarding six Defendants in this action attorney's fees exceeding $7000. The attorney's fees constituted a sanction imposed pursuant to Fed. R. Civ. P. 11. In setting the amount of the sanction, the district court referred not to case law interpreting Rule 11, but to case law addressing sanctions imposed pursuant to 42 U.S.C. § 1988 (1994). Factors governing the amount of sanctions awarded under Rule 11 are quite different from factors governing the amount of attorney's fees awarded under § 1988. Compare In re Kunstler, 914 F.2d 505, 524-25 (4th Cir. 1990), cert. denied, 499 U.S. 969 (1991), with Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974). Because the incorrect standard was used, it is impossible to determine whether the

2

district court abused its discretion in setting the amount of the sanction.

We therefore vacate the judgment of the district court. The matter is remanded so that the district court may apply the proper standard in assessing the Rule 11 sanction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We deny the motion to compel Dedes to pay filing and docketing fees.

<u>VACATED AND REMANDED</u>